### In re NEIMANN et al.

#### (District Court, E. D. Wisconsin. September 8, 1903.)

1. BANKRUPTCY—EXEMPTIONS—MEMBERSHIP IN EXCHANGE.

Rev. St. Wis. 1898, § 2982, subd. 19, exempts to debtors certain life insurance policies, and all moneys or other benefit, charity, relief, or aid to be paid by any mutual, beneficiary, or fraternal corporation or association "providing insurance on the assessment plan, and authorized to do business in this state." The Milwaukee Chamber of Commerce is a corporation organized for the usual purposes of trade and commerce, a membership therein having a substantial market value. By the charter and rules it is provided that its surplus funds, arising from dues and assessments, shall constitute a gratuity fund, to be invested, the net income at the close of each year, together with the proceeds of any assessment made for the purpose, to be divided among the widows and heirs of members who have died during the year. *Held*, that such provision does not render the corporation an assessment insurance company, within the meaning of the exemption statute, so as to entitle a bankrupt to hold exempt his certificate of membership therein, but that the same is property of his estate, which vests in his trustee.

In Bankruptcy. On question certified by the referee, namely, whether a certificate of membership in the Milwaukee Chamber of Commerce, held by the bankrupt, Fred Klein, is entitled to exemption under section 2982, subd. 19, Rev. St. Wis. 1898.

John F. Harper, for bankrupt.

Markham, Hamilton & Markham, for trustee.

SEAMAN, District Judge. Membership in the Chamber of Commerce confers a valuable property right, so that it is conceded, and is unquestionable, under Page v. Edmunds, 187 U. S. 596, 23 Sup. Ct. 200, 47 L. Ed. 318, that its benefits pass to a trustee in bankruptcy, unless exempt by the state statute. The provision referred to exempts certain policies of life insurance, and "all moneys or other benefit, charity, relief, or aid to be paid" by any "mutual, beneficiary, or fraternal corporation" or association "providing insurance on the assessment plan, and authorized to do business in this state," to the amount of $5,000, "when the insured pays the premiums or assessments, or any part thereof." The Milwaukee Chamber of Commerce is incorporated for the usual purposes of such associations in trade and commerce, but provides in its charter and rules for converting its surplus funds, arising from dues and assessments after all expenses are paid, into a "gratuity fund," to be invested and raise an income. This net income, "together with the proceeds of any assessment made for the purpose," is to be divided at the close of each year among widows or heirs of members who have died during the year. It is contended that these provisions for a "gratuity fund," out of which dividends are payable to widows and heirs of members, bring the case within the exemption statute above cited; otherwise stated, that they constitute, in effect, "insurance on the assessment plan," so that the property right of the member is not subject to claim on behalf of creditors.

For solution of this question no aid is furnished by any authority brought to my attention. It does not appear to have arisen in any reported case in the state, and no ruling fairly in point appears elsewhere. In the recent case of Page v. Edmunds, 187 U. S. 596, 23 Sup. Ct. 200, 47 L. Ed. 318, cited in the referee's opinion, like provision for membership benefit in a gratuity fund existed under the rules of the Philadelphia Chamber of Commerce, but exemption of such membership held by the bankrupt was denied. The opinion refers to no statutory provision, however, which resembles the Wisconsin statute, nor does it appear that the exemption was claimed as in the nature of insurance; so that the Wisconsin statute, invoked for the present claim, must be construed independently.

With the property right in membership thus settled, I find no difficulty in construing the exemption provision as inapplicable to the features of the Chamber of Commerce membership. The prime objects thereof are the privileges of trade which the member thus obtains, and the gratuity fund provision is a mere arrangement for equitable distribution of the surplus means, arising from dues and assessments, to the representatives of deceased members, thereafter having no benefits of the association, in lieu of dividing the surplus among all members.

It merely saves for the family a small share in the surplus when the interest of the member ends with his death. If this incidental provision is insurance in any sense of that term, it is not within the well recognized meaning of "insurance on the assessment plan," mentioned in the statute (subdivision 19, § 2982), for which certain associations are expressly "authorized to do business in this state." The surplus principal is retained by the Chamber of Commerce as the property of the surviving members, and subject to distribution among them when dissolution occurs, or association business ceases. The net income only passes to the representatives of deceased members, together with any special assessments which may be voluntarily raised for that object, while the members in being have no share or interest in sums so derived. If the value of membership is enhanced by this feature, it is plainly of minor consideration in the actual value and benefits of such membership, and I am of opinion that no construction of the statutory exemption is authorized to include therein this property right of the bankrupt, and that it is neither within the letter nor within the spirit of the statute.

Concurring with the opinion of the referee that the bankrupt is not entitled to such exemption, his order, accordingly, is affirmed.